# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
## Southern Division

JERSEY VAIL,

    *Plaintiff*,

V.

                                          6:22-cv-3289

CIRCLE OF HOPE GIRLS RANCH & BOARDING SCHOOLS,
BOYD HOUSEHOLDER, AND
STEPHANIE HOUSEHOLDER,

    *Defendants*.

## COMPLAINT

The plaintiff brings this cause of action against the defendants for injuries she suffered after being physically abused and tortured during a period of involuntary restraint at the Circle of Hope Girls Ranch in Humansville, Missouri. For her cause of action, the plaintiff states and alleges as follows:

### The Parties, Jurisdiction, & Venue

1. The plaintiff is an adult woman who is a citizen of the State of California.

2. The defendant Circle of Hope Girls Ranch & Boarding Schools ("Circle of Hope") is a Missouri not-for-profit corporation, located at 20285 E. Mo. Highway N., Humansville, Missouri, over which this Court has personal jurisdiction.

3. The individually-named defendants, Boyd and Stephanie Householder, are citizens of the State of Missouri. At all times relevant to this lawsuit, the Householders were owners, agents, and/or employees of Circle of Hope -- and their actions are imputed to Circle of Hope under the doctrine of *respondeat superior*.

4. All of the acts complained of herein occurred within this judicial district, vesting this Court with subject-matter jurisdiction. Additionally, the amount in

controversy exceeds $75,000.00 and there is complete diversity of citizenship among the parties. *See* 28 U.S.C. § 1332.

5. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(1).

**Facts**

6. The allegations in this lawsuit date back to 2013-2014 when the plaintiff was just 9 years old.[1] At that time, the plaintiff's mother brought her to the defendants for placement at Circle of Hope -- an unlicensed religious boarding facility that purported to be a safe haven for troubled youth.

7. Instead of providing a safe haven to the plaintiff and others, the defendants -- in both their individual capacity and in their capacity as co-owners and agents of Circle of Hope -- subjected the plaintiff to physical torture and psychological abuse.

8. The defendants' actions against the plaintiff included, but are not limited to, the following heinous acts:

    a. Keeping the plaintiff imprisoned in a dark room for days at a time;
    b. Forcing the plaintiff to wear nothing but a diaper, and requiring her to urinate and defecate in said diaper, and often requiring the plaintiff to wear soiled diapers -- without changing -- for days;
    c. Forcing the plaintiff to leave her dark prison of a room to choose a stick with which she was severely and repeatedly beaten;
    d. Forcing the plaintiff to watch the abuse and mistreatment of other children at Circle of Hope;
    e. Forcing the plaintiff to overeat, weigh herself daily, and continue to eat until she -- at the age of 9 -- reached the weight of 100 pounds (this was a "goal" of the defendants);
    f. Depriving the plaintiff of a proper education, causing her to suffer significant developmental delays; and
    g. On information and belief, other forms of abuse and torture that the plaintiff has likely repressed but may be discovered during the litigation of this case.

9. As a direct result of the defendants' conduct, the plaintiff has suffered and continues to suffer physical injury from abuse, imprisonment in a dark room for

---

[1] The applicable statutes of limitation, under Missouri law, are tolled until the plaintiff reached the age of 18. Her date of birth is October 8, 2004.

extended periods of time, being physically beaten, and being force-fed. This has caused the plaintiff to suffer from lifelong emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation and loss of enjoyment of life. She has also sustained past (and will sustain future) medical expenses for medical and psychiatric/psychological treatment, therapy and counseling.

## Claims for Relief

### COUNTS I, II, & III:
### PHYSICAL ASSAULT BY THE DEFENDANTS

10. The plaintiff adopts all prior paragraphs of this complaint as if fully set forth under this count. These three counts are directed to each of the named defendants -- Circle of Hope (Count I), Boyd Householder (Count II), and Stephanie Householder (Count III), respectively.[2]

11. The defendants' actions, as fully set forth herein, constituted an offensive touching or other unwanted physical contact to which the plaintiff did not consent.

12. The defendants' actions, as fully set forth herein, were intentional and known to be physically and psychologically harmful to the plaintiff.

13. The defendants are, therefore, jointly and severally liable to the plaintiff for damages arising from assault under Missouri common law.

### COUNT IV, V, and VI:
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

14. The plaintiff adopts all prior paragraphs of this complaint as if fully set forth under this count. These three counts are directed to each of the named defendants -- Circle of Hope (Count IV), Boyd Householder (Count V), and Stephanie Householder (Count VI), respectively.

15. The defendants' actions, as fully set forth herein, were intentional, extreme and outrageous, and caused the plaintiff to suffer severe emotional distress.

---

[2] The Housholders have been criminally charged in Missouri circuit court with hundreds of counts alleging assault and other offenses, including sexual offenses.

16. The defendants are, therefore, jointly and severally liable to the plaintiff for damages arising from intentional infliction of emotional distress under Missouri common law.

## COUNTS VII, VIII, and IX:
## NEGLIGENCE

17. The plaintiff adopts all prior paragraphs of this complaint as if fully set forth under this count. These three counts are directed to each of the named defendants -- Circle of Hope (Count VII), Boyd Householder (Count VIII), and Stephanie Householder (Count IX), respectively.

18. All defendants had an ongoing duty to protect the plaintiff and others -- children in their care, custody, and control -- from physical or emotional injury.

19. The defendant Circle of Hope -- specifically its owners, supervisors, or persons with decision-making authority -- either knew, or in the exercise of ordinary care should have known, that children enrolled in this facility -- including the plaintiff -- were being abused as described herein. The defendants Boyd Householder and Stephenie Householder, as agents/employees of Circle of Hope, either knew or, in the exercise of ordinary care, should have known that the plaintiff was being physically and emotionally abused.

20. The defendant Circle of Hope failed to exercise proper hiring, training, supervision, and retention policies for its employees -- and also failed to implement policies and procedures to protect the plaintiff and other children from abuse.

21. The actions described in this complaint amount to a breach of the defendants' duty to the plaintiff, and the defendants are thereby negligent.

22. The defendants are, therefore, jointly and severally liable to the plaintiff for damages arising from negligence under Missouri common law.

23. The defendants' conduct intentionally harmed the plaintiff without just cause, and the plaintiff was treated with a deliberate and flagrant disregard for her safety.

24. At all times relevant to this complaint, one or more of Circle of Hope's principals (or one or more managerial agents of said principal) authorized the acts of abuse described herein.

25. Additionally, one or more agents/employees of Circle of Hope was reckless in employing or retaining said agents/employees. Moreover, said agents/employees acted in a managerial capacity and were acting in the scope of employment.

26. One or more of Circle of Hope principals and/or managerial agents, including but not limited to Boyd and/or Stephanie Householder, committed, ratified, or approved the abusive treatment of the plaintiff.

**Prayer for Relief**

27. For all the reasons stated in this Complaint, the plaintiff prays that this Court will enter judgment against the defendants -- jointly and severally -- in her favor under all counts of this complaint, and award the plaintiff actual, compensatory, and punitive damages in such fair and reasonable amounts to be determined at trial; prejudgment interest, as allowed by law; reasonable attorneys' fees and costs to bring and maintain this lawsuit; injunctive relief -- or other appropriate equitable relief; and for such other relief as this Court deems just and proper.

**Demand for Jury Trial**

28. The plaintiff respectfully demands a trial by jury.

Respectfully submitted,

Gerald F. McGonagle, Mo. Bar # 39480
Jarrett Aiken Johnson, Mo. Bar # 42481
McGONAGLE SPENCER GAHAGAN, PC
4505 Madison Avenue
Kansas City, Missouri 64111
816-875-5754
jarrett@mcgonaglespencer.com

ATTORNEYS FOR PLAINTIFF